IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY MELFORD SEIDL,

Plaintiff,

v.

ELLEN BERZ,

Defendant.

OPINION and ORDER

25-cv-859-jdp

---

Plaintiff Larry Melford Seidl, proceeding without counsel, was detained at the Iowa County jail. He alleges that defendant Ellen Berz, a state court judge, did not allow him to speak during one of his legal proceedings before her.

Seidl's complaint is before the court for screening. I must dismiss any portion of his complaint that is frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). I must accept the factual allegations in his complaint as true and interpret his complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Seidl's complaint fails to state a claim for relief. Judges cannot be sued for acts taken in their judicial capacity; they are immune from suit. *See Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005); *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

I will dismiss the case in its entirety for Seidl's failure to state a claim upon which relief may be granted. When, as here, a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have

to be granted when it's clear that amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Dismissal in this case is appropriate because Seidl's complaint is based on an indisputably meritless legal theory.

I will direct the clerk of court to record a strike against Seidl under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Larry Melford Seidl's complaint, Dkt. 1, is DISMISSED with prejudice because it fails to state a claim and is frivolous.

2. The clerk of court is directed to enter judgment and close the case.

3. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g) against Seidl.

Entered April 15, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge